IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § § § |
| v. | § § |
| BRIAN SWIENCINSKI (01)<br>SCOTT BREIMEISTER (02)<br>CHRISTOPHER INCE, M.D. (04)<br>RONNIE MCADA, JR. (05) | § Case No. 4:18-CR-00368 § § § § |

**DEFENDANT RONNIE MCADA, JR.'S MOTION TO DISMISS THE SUPERSEDING INDICTMENT, TO BAR RETRIAL BASED ON DOUBLE JEOPARDY, AND FOR OTHER RELIEF**

Defendant Ronnie McAda, Jr., pursuant to the Fifth and Sixth Amendments to the United States Constitution and the Court's supervisory powers, moves the Court for dismissal of the superseding indictment on two grounds.[1] Mr. McAda moves to dismiss the superseding indictment with prejudice due to the government's outrageous misconduct before and during trial. Also, the Double Jeopardy Clause bars a retrial. Mr. McAda fully adopts Defendant Scott Breimeister's Motion to Bar a Retrial, Dismiss the Superseding Indictment, and for other Relief. *See* ECF No. 428. Additionally, Mr. McAda moves for and adopts the alternative relief sought by Mr. Breimeister. *Id.* at 10-11.

**A.     Introduction**

First, Mr. McAda moves to dismiss the superseding indictment with prejudice due to the government's abhorrent misconduct during and before trial. The known misconduct falls into three

---

[1] Mr. McAda reserves the right to file supplemental briefing on this issue, as the investigation into the government's misconduct is ongoing.

**DEFENDANT RONNIE MCADA JR.'S MOTION TO DISMISS THE SUPERSEDING INDICTMENT, TO BAR RETRIAL BASED ON DOUBLE JEOPARDY, AND FOR OTHER RELIEF – PAGE 1**

separate categories: (1) systemic *Brady* violations; (2) witness coaching; and (3) failure to correct false testimony. As a result, the superseding indictment should be dismissed with prejudice. Second, the government's abhorrent misconduct caused the Court to declare a *sua sponte* mistrial, so retrial is barred by the Double Jeopardy Clause.

There is currently ample evidence to dismiss the superseding indictment due to outrageous governmental misconduct and to bar retrial based on the Double Jeopardy Clause. However, additional fact development is necessary to determine the full extent of the government's misconduct and to deter such behavior in the future. To date, there has been no sufficient explanation as to how this misconduct occurred. There are pending joint motions for an evidentiary hearing and supplements in support of that motion. *See* ECF Nos. 391, 413, and 424. An evidentiary hearing is necessary because the government's "review team" is not impartial; it is a team of advocates and allies. As such, an evidentiary hearing is necessary to ascertain the facts and the whole truth. Justice requires it for these defendants and any future defendants that might be subjected to similar actions by the government.

### B. The Superseding Indictment Should Be Dismissed Because the Government's Misconduct Is So Abhorrent It Warrants a Dismissal with Prejudice

The government's misconduct permeates the entirety of its investigation and the trial. Its conscious decisions resulted in a pattern and practice of deceptive and intentional misconduct that is so outrageous that a significant sanction must be imposed. Otherwise, the government will only benefit from its own misconduct at Mr. McAda's severe prejudice.

When the government's misconduct violates a defendant's constitutional rights, the dismissal of an indictment is an available remedy. *United States v. Wellborn*, 849 F.2d 980, 985 (5th Cir. 1988). When the government's misconduct is "so abhorrent," it may "warrant a dismissal with prejudice." *United States v. Swenson*, 894 F.3d 677, 685 (5th Cir. 2018). Indeed, it is possible

for government ineptitude or carelessness to rise to the level necessary to dismiss an indictment. *Id.* There are two bases for a court to dismiss an indictment with prejudice due to prosecutorial misconduct, either due to a Due Process violation or under its supervisory powers. A district court may dismiss an indictment with prejudice due to prosecutorial misconduct if it rises to the level of a Due Process violation, which requires conduct so outrageous it violates a principle of fundamental fairness. *United States v. Mauskar*, 557 F.3d 219, 231 (5th Cir. 2009).

Even if such misconduct does not rise to the level of a Due Process violation, a court may still dismiss an indictment when there is "governmental misconduct or gross negligence in prosecuting the case [that] has actually prejudiced the defendant." *United States v. Fulmer*, 722 F.2d 1192, 1195 (5th Cir. 1983). The supervisory power doctrine "is designed and invoked primarily to preserve the integrity of the judicial system." *United States v. Omni International Corp.*, 634 F. Supp. 1414, 1438 (D. Md. 1986) (dismissing an indictment after an evidentiary hearing over the course of 28 days, and finding the government misled a court by altering documents in order to show that the government did not invade the attorney-client relationship). A court may exercise its supervisory power "to implement a remedy for the violation of recognized rights; to preserve judicial integrity by ensuring a conviction rests on appropriate considerations validly before a jury; and finally, as a remedy designed to deter illegal conduct." *United States v. Hastings*, 461 U.S. 499, 505 (1983) (cleaned up). It is well-rooted that retrial "would only advantage the government." *See United States v. Bundy*, 968 F.3d 1019, 1029 (9th Cir. 2020) (affirming a district court's dismissal of an indictment with prejudice based on *Brady* violations as a proper exercise of the court's supervisory powers). The government should not be allowed "a chance to try out its case, identify any problem areas, and then correct those problems in a retrial." *United States v. Chapman*, 524 F.3d 1073, 1087 (9th Cir. 2008); *see also United States v. Shafer*,

987 F.2d 1054, 1059 (4th Cir. 1993). Here, the government's abhorrent conduct has so infected this case that only one adequate remedy exists—dismissal of the superseding indictment.

The government's misconduct falls into at least three major categories. Violations of any one of the categories necessitates dismissal of the superseding indictment. But the government hit a trifecta, and its misconduct must be considered cumulatively. In an effort to be efficient, Mr. McAda incorporates by reference all of the arguments and descriptions of misconduct described in ECF Nos. 385 and 412. The three main categories of abhorrent government misconduct are: (1) the government committed systemic *Brady* violations; (2) it coached a witness and attempted to cover up its witness coaching; and (3) it presented false evidence and failed to correct false testimony.[2] The government's misconduct caused Mr. McAda actual prejudice. The government is currently identifying its case's problem areas and attempting to correct its prior issues by interviewing witnesses and trying to create a fact witness to rectify the problem areas it identified after trying nearly its entire case. Additionally, 17 days of trial and 21 witnesses has drained Mr. McAda of his financial resources. The actual prejudice to Mr. McAda is obvious. The government is currently taking advantage of its misconduct and it will continue to do so moving forward. The only available remedy is dismissal of the superseding indictment with prejudice.

### C. The Double Jeopardy Clause Bars Retrial of Mr. McAda

This Court declared a mistrial *sua sponte* because of multiple instances of governmental misconduct.[3] It is a unique situation when a mistrial is declared *sua sponte* over a defendant's

---

[2] There is a fourth category of misconduct—intentional invasion of the defense camp. This issue has not yet been fully investigated and the defendants remain in the dark. However, "sunlight is said to be the best of disinfectants[.]" *See* Louis D. Brandeis, *Other People's Money—and How the Bankers Use It*, Ch. 5, *available at* https://louisville.edu/law/library/special-collections/the-louis-d.-brandeis-collection/other-peoples-money-chapter-v. A forthcoming evidentiary hearing can narrowly investigate this issue, which has been extensively litigated before the Court.

[3] Mr. McAda is in an analogous position to Mr. Breimeister because he sought similar relief prior to the Court's declaration of a *sua sponte* mistrial. Again, Mr. McAda adopts Mr. Breimeister's motion. *See* ECF No. 428.

**DEFENDANT RONNIE MCADA JR.'S MOTION TO DISMISS THE SUPERSEDING INDICTMENT, TO BAR RETRIAL BASED ON DOUBLE JEOPARDY, AND FOR OTHER RELIEF – PAGE 4**

objection due to prosecutorial misconduct. Mr. McAda specifically did not request a mistrial, and indeed, opposed a mistrial and presented the Court with alternatives to a mistrial. Since the government also objected to a mistrial and proposed alternatives, it cannot credibly argue a mistrial was warranted. *See United States v. Rivera*, 384 F.3d 49, 57 (3d Cir. 2004) (reasoning "[t]hat the Government itself presented the District Court with a reasonable alternative to a mistrial places the Government in a poor position to now argue that the District Court exercised such care."). Additionally, Mr. McAda requested a dismissal of the indictment with prejudice due to the government's gross prosecutorial misconduct prior to the Court's grant of a *sua sponte* mistrial. *See* ECF No. 385 at 29-32.

The government's misconduct caused the Court to declare a mistrial *sua sponte*. Mr. McAda suggested reasonable, albeit significant, alternatives short of a mistrial. The government should not be permitted to benefit from its own misconduct by getting a second bite at the apple, now with a full understanding of Mr. McAda's defenses and after draining Mr. McAda of all financial resources to defend himself. The Double Jeopardy Clause bars retrial of Mr. McAda.

### D.     Conclusion

The government's misconduct in this case is abhorrent and is so pervasive and overwhelming that it can only be the result of intentional misconduct driven by a win-at-all-costs mentality—with a disregard for the prosecutor's main goal—to do justice. And justice's only salvation here is dismissal of the superseding indictment with prejudice due to prosecutorial misconduct or because the Double Jeopardy Clause bars a retrial.

Dated: April 3, 2023.

Respectfully submitted,

*/s/ Jeff Ansley*
Jeffrey J. Ansley
Texas Bar No. 00790235
jansley@vedderprice.com
Arianna G. Goodman
Texas Bar No. 24109938
agoodman@vedderprice.com
Samuel M. Deau
S.D. Tex. No. 3791231
sdeau@vedderprice.com
Vedder Price P.C.
300 Crescent Court, Suite 400
Dallas, Texas 75201
(469) 895-4790

**Attorneys for Ronnie McAda, Jr.**

## CERTIFICATE OF CONFERENCE

I certify that on April 3, 2023, I conferred with counsel for the United States, Allan Medina, and he indicated that the government opposes this motion.

*/s/ Jeff Ansley*
Jeffrey J. Ansley

## CERTIFICATE OF SERVICE

I certify that on April 3, 2023, I electronically transmitted the foregoing document to the Clerk for the U.S. District Court, Southern District of Texas, using the ECF system of the Court.

*/s/ Jeff Ansley*
Jeffrey J. Ansley