IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| | § | Case No. 4:18-CR-00368 |
| v. | § § § § | |
| RONNIE MCADA, JR. | § | |

**DEFENDANT RONNIE MCADA, JR.'S OPPOSED MOTION FOR WITHDRAWAL
AND RECONSIDERATION OF ORDER DENYING HIS
MOTION TO DISMISS ON DOUBLE JEOPARDY GROUNDS, AND
MOTION FOR FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Defendant Ronnie McAda, Jr. ("Mr. McAda") respectfully files this Motion for Withdrawal and Reconsideration of the Court's Order Denying his Motion to Dismiss on Double Jeopardy Grounds. ECF No. 444. Mr. McAda requests a hearing on this motion and that the Court make explicit findings of facts and conclusions of law, including a finding that his motion to dismiss on double jeopardy grounds is not frivolous.[1]

Defendants Scott Breimeister ("Mr. Breimeister") and Brian Swiencinski ("Mr. Swiencinski") previously filed similar motions to withdraw the Court's Order denying their double jeopardy motions and related relief. ECF Nos. 456, 463. The Court granted Mr. Breimeister's motion for withdrawal, withdrew its oral order of April 4, 2023, which denied Mr. Breimeister's motion to bar a retrial based on double jeopardy, ordered the government to respond to the motion by April 28, 2023, and set the motion for a hearing on May 4, 2023 at 2:30 pm. ECF No. 462. The

---

[1] The present motion is timely because it is being filed within 14 days after the Court's April 4, 2023 Order denying Mr. McAda's motion to dismiss the indictment on double jeopardy grounds. *See United States v. Brewer*, 60 F.3d 1142, 1143 (5th Cir. 1995) ("[C]riminal case motions for reconsideration are timely if filed within the time prescribed for noticing an appeal under Fed. R. App. P. 4(b) [that is, 14 days]").

**DEFENDANT RONNIE MCADA, JR'.S MOTION FOR WITHDRAWAL AND RECONSIDERATION – PAGE 1**

Court has not yet ruled on Mr. Swiencinski's motion, which requested the same relief. ECF No. 463 at 2.

Mr. McAda incorporates and adopts the arguments made in Mr. Breimeister's and Mr. Swiencinski's motions and requests the same relief granted to Mr. Breimeister. Mr. McAda's double jeopardy motion incorporated and adopted Mr. Breimeister's double jeopardy arguments (ECF No. 444 at 1). Procedurally, Mr. McAda is identically situated to Mr. Breimeister. Mr. McAda also contends that the Court's ruling on his double jeopardy motion was premature because the double jeopardy issue turns, in part, on findings of government misconduct in this case, including whether it was intentional or in bad faith. The Court has not yet decided this issue.

## I.   BACKGROUND

On April 3, 2023, Mr. McAda filed an opposed motion asking the Court to dismiss the superseding indictment based on government misconduct, to bar retrial based on double jeopardy, and for other relief. ECF No. 444. In that motion, Mr. McAda stated that while there was "ample evidence to dismiss the superseding indictment due to outrageous governmental misconduct and to bar retrial based on the Double Jeopardy Clause[,]" "additional fact development [was] necessary to determine the full extent of the government's misconduct . . . ." *Id.* at 2. Therefore, an evidentiary hearing was necessary to determine the full scope of the government's misconduct. *Id.* at 1-2. Mr. McAda further requested that the Court determine a retrial is barred by the Double Jeopardy Clause. *Id.* at 2.

On April 4, 2023, the Court conducted a status conference for the government to report the findings of its internal investigation into the misconduct of the trial team that caused the Court's declaration of a mistrial. After the government's presentation, the Court allowed defense counsel to respond to the government's presentation, but instructed counsel to refrain from arguing the

pending motions to dismiss. Tr. 4/4/23 at 56:12-57:3. Accordingly, counsel for Mr. McAda did not argue his pending motion to dismiss.

At the conclusion of the status conference, the Court orally denied Mr. McAda's motion to dismiss based on double jeopardy and took his other requests for relief under advisement, including the request for dismissal due to abhorrent government misconduct.[2]

## II.   ANALYSIS

Mr. McAda moves the Court for the same relief it granted Mr. Breimeister. ECF No. 462. Accordingly, he adopts the arguments made in similar motions by Messrs. Breimeister and Swiencinski (ECF Nos. 456, 463).

Mr. McAda's double jeopardy motion makes the same arguments as Mr. Breimeister's motion. Additionally, Mr. McAda asserts that any ruling on his motion to dismiss is only properly made after the Court rules on his request for an evidentiary hearing and makes findings of fact and conclusions of law as to the nature and cause of the government's conduct that led to the Court's declaration of a mistrial.[3]

Ordinarily, the Double Jeopardy Clause prohibits re-prosecution if the defendant did not consent to the mistrial and "manifest necessity for the mistrial" was lacking. *See United States v. Fisher*, 624 F.3d 713, 718 (5th Cir. 2010). This test is satisfied because the Court declared a mistrial on its own motion despite Mr. McAda's objections and presentation of alternatives, which included dismissal of the indictment with prejudice due to the government's gross prosecutorial misconduct. ECF No. 385 at 29-32. Further, the Court's *sua sponte* declaration of a mistrial was

---

[2] Also, on April 12, 2023, the government filed an omnibus response opposing the motions to dismiss filed by Messrs. McAda, Swiencinski, and Breimeister (collectively "Defendants"). ECF No. 461. That opposition addresses the Defendants' claims that the superseding indictment should be dismissed based on "outrageous government misconduct," but does not address the argument that the superseding indictment should be dismissed on double jeopardy grounds.

[3] Mr. Swiencinski makes an identical assertion, which Mr. McAda adopts and incorporates in this filing. ECF No. 463 at 2, 4.

**DEFENDANT RONNIE MCADA, JR'.S MOTION FOR WITHDRAWAL AND RECONSIDERATION – PAGE 3**

not supported by manifest necessity such that double jeopardy would not apply. *See id.* Even if Mr. McAda is deemed to have not objected to a mistrial, double jeopardy still applies because any mistrial was forced by the government's misconduct. *See id.* at 5.

Additionally, Mr. Breimeister's double jeopardy motion, which Mr. McAda fully incorporated and adopted, presented a novel question: Does the extent and type of government misconduct in this case mean that the Double Jeopardy Clause bars a retrial, regardless of the test of "manifest necessity"? ECF No. 428 at 3-4 (citing cases in support). The answer to this question will be informed, in part, by the Court's findings of fact as to the nature and scope of the government's misconduct, including whether it was intentional or in bad faith—which have not yet been resolved. Ultimately, the Court prematurely decided Mr. McAda's motion to dismiss the indictment based on double jeopardy.

### III. CONCLUSION

For the reasons stated above, Mr. McAda respectfully moves the Court to: (1) withdraw and reconsider its April 4, 2023 Order denying his motion to dismiss based on double jeopardy; (2) order the government to respond to that motion; (3) conduct a *Stricklin* hearing on the motion; (4) make explicit findings of fact and conclusions of law related to the double jeopardy issue, including whether the government's misconduct was intentional or in bad faith; and (5) find that Mr. McAda's double jeopardy argument is not frivolous.

If the Court denies requests (1) through (3) above, Mr. McAda requests that it make explicit findings and conclusions on the double jeopardy issue (after an evidentiary hearing on the government's misconduct) and determine that the argument is not frivolous.

Dated: April 18, 2023.

Respectfully submitted,

By: */s/ Jeff Ansley*
Jeffrey J. Ansley
Texas Bar No. 00790235
jansley@vedderprice.com
Arianna G. Goodman
Texas Bar No. 24109938
agoodman@vedderprice.com
Samuel M. Deau
S.D. Tex. No. 3791231
sdeau@vedderprice.com

**VEDDER | PRICE**
300 Crescent Court, Suite 400
Dallas, Texas 75201
Telephone: 469.895.4790
**ATTORNEYS FOR DEFENDANT RONNIE MCADA, JR.**

## CERTIFICATE OF CONFERENCE

I certify that on April 18, 2023, counsel for the Defendant conferred with counsel for the government, Allan Medina, regarding this motion. Mr. Medina advised that the government opposes the requested relief.

*/s/ Arianna Goodman*
Arianna G. Goodman

## CERTIFICATE OF SERVICE

I certify that on April 18, 2023, I electronically transmitted the foregoing document to the Clerk for the U.S. District Court, Southern District of Texas, using the ECF system of the Court.

*/s/ Jeff Ansley*
Jeffrey J. Ansley